## WEST LEECHBURG STEEL CO. v. BLACKAS.

### (Circuit Court of Appeals, Third Circuit. April 27, 1914.)

### No. 1833.

1. MASTER AND SERVANT (§ 296*) — ACTIONS FOR INJURIES — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE.

In an employé's action for injuries, where there was evidence that for some unexplained reason he walked some distance from his usual place of work, leaned his arm on the top of a lever, and was injured by the slipping of his arm therefrom, an instruction, that though he did this he would still be free from negligence unless such acts were negligently done, was erroneous, as it did not submit the question whether his conduct taken as a whole amounted to negligence contributing to the injury, but charged that it was not negligence unless negligently done, thereby begging the question and leaving the jury's minds in a state of confusion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

2. MASTER AND SERVANT (§ 229*)—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

In an employé's action for injuries, the defense of contributory negligence was made out if his conduct was negligent, judged as a whole and according to the standard of ordinary care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 674, 683; Dec. Dig. § 229.*]

3. TRIAL (§ 267*)—INSTRUCTIONS—REQUESTS.

It was not necessary that the charge should specifically answer defendant's points; but, where they showed clearly what counsel had in mind and were adequate to bring the subject to the court's notice, they should have received correct treatment in the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 668–672, 674; Dec. Dig. § 267.*]

In Error to the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Action by Alexander Blackas against the West Leechburg Steel Company. Judgment for plaintiff, and defendant brings error. Reversed, and new venire awarded.

William A. Stone, of Pittsburgh, Pa., for plaintiff in error.

H. Fred Mercer, of Pittsburgh, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. [1-3] It is unnecessary either to detail the facts, disputed and undisputed, of the accident by which the plaintiff was injured, or to consider all the assignments of error. It is sufficient to say that we think the instructions were erroneous upon one matter that was vital to the defense—the subject of contributory negligence. Unless the plaintiff was free from negligence, he could not recover, and the defendant was therefore entitled to ask that the jury should receive correct and adequate instructions on this matter. Unfortunately the charge submitted the question in such a way that a confused and inaccurate impression was inevitable. The

point is this: The plaintiff was injured, not at his usual place of work, but five or six feet distant therefrom. His presence at that spot could be accounted for in one of two ways; either some unforeseen happening connected with his work might have taken him to the place for the moment, or he might have gone there casually without being required to go by his duty. His theory of the injury was that while engaged in his proper work his right arm was caught between two unguarded spindles, the defense being that in an interval of work while nothing was being done he walked to the place of injury for some unexplained reason, leaned his arm on the top of a lever near the spindles, and was injured because the arm slipped off the lever, his own fault being the proximate cause of the accident. The testimony supporting the plaintiff's theory was vague and indefinite, while the defense was testified to clearly and directly. The question for decision was: Did his conduct, taken as a whole, amount to negligence that contributed to his injury? But this question was not submitted to the jury. On the contrary, they were told, in effect, that he might have done all that the defense asserted and would still be free from negligence, unless each of the acts was negligently done. The instruction specially complained of shows plainly, we think, that the language of the learned judge inadvertently begged the question at issue, and must have left the jury's minds in a state of confusion. The defense was made out if the conduct testified to was negligent, judged as a whole and judged according to the standard of ordinary care. That is the point the jury should have been asked to determine; but instead of this they were instructed that the acts complained of would only be negligent if they were negligently done—thus, as we have said, begging the precise question at issue. The instruction referred to was evidently intended as the answer to the defendant's third and fourth points which called the attention of the court distinctly to the defendant's theory. These points were not answered specifically; this was not error, for of course a specific answer was not required, but they show clearly what counsel had in mind, and were adequate to bring the subject to the court's notice, in order that they might receive correct treatment in the general charge.

We express no opinion about the Pennsylvania Factory Act.

The judgment is reversed, and a new venire is awarded.